## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| JOSEPH CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-253-G |
| | ) | |
| WAL-MART STORES EAST, L.P., | ) | |
| d/b/a WAL-MART STORES, INC., | ) | |
| a/k/a WAL-MART, d/b/a WAL-MART | ) | |
| NEIGHBORHOOD MARKET, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On December 2, 2024, Plaintiff Joseph Campbell filed a Motion to Compel (Doc.

No. 13), to which Defendant Wal-Mart Stores East, L.P. ("Defendant") responded (Doc.

No. 20), claiming that certain requested documents were not subject to discovery due to

attorney-client privilege and work-product protection.  The Court heard argument from

counsel on the Motions on January 29, 2025, and on January 31, 2025, directed:

> The Motion is GRANTED as to Request for Production Nos. 18, 23, and 24,
> to the following extent.  On or before February 5, 2025, Defendant shall
> submit to the Court the following Bates-stamped documents, identified at the
> hearing as responsive and claimed as privileged or protected by Defendant,
> to allow the Court to perform an in camera inspection and consider
> Defendant's assertion of privilege/protection:
>
> - WML000111-112
> - WML000113-114
> - WML000115-116
> - WML000116
> - WML000117
> - WML000117-118
> - WML000118-122
> - WML000123

- WML000124
- WML000129 (Martin)
- WML000129 (Yousey).

Order of Jan. 31, 2025 (Doc. No. 29) at 2-3; *see* Fed. R. Civ. P. 37(a)(3)(B)(iv).

On February 5, 2025, Defendant's counsel submitted to the Court via ex parte email the cited documents, as well as the privilege log that had been provided to Plaintiff.

## I.    *Relevant Background*

Plaintiff alleges that on October 15, 2022, he slipped at a Walmart Store on a substance spilled on the floor by Defendant Jane Doe.  He brings various negligence claims and also seeks punitive damages.  *See* Am. Pet. (Doc. No. 1-7).

Plaintiff represents that, after he made a claim to Defendant for damages from the incident, his counsel was informed that "Plaintiff's claim had been referred to the fraud department" of Walmart Claims Services ("WCS").  Pl.'s Mot. to Compel at 3, 6.  In the disputed Requests for Production ("RFPs"), Plaintiff seeks the claims file for the incident and copies of the "claims detail" that were printed before and after "the claim was submitted in regard to this incident."  *Id.* at 4-5.

In its Response and at the hearing, Defendant argued that Plaintiff's requests regarding the WCS adjuster's alleged suspicion of fraud are not subject to discovery to the extent they were generated after that suspicion arose on or about October 19, 2022. Defendant objects that such materials are protected by attorney-client privilege and work-product protection.  *See* Def.'s Resp. at 10-14.

## II.    *Relevant Standards*

The Federal Rules of Civil Procedure permit discovery of "any nonprivileged matter

2

that is relevant to any party's claim or defense and proportional to the needs of the case."

Fed. R. Civ. P. 26(b)(1).   "The party seeking to assert the attorney-client privilege or the

work product doctrine as a bar to discovery has the burden of establishing that either or

both is applicable."   *Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir. 1984).

In diversity case such as this one, "Rule 501 of the Federal Rules of Evidence

provides that state law supplies the rule of decision" on attorney-client privilege.   *Frontier

Refin., Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 699 (10th Cir. 1998).   Under Oklahoma

statute,

> A client has a privilege to refuse to disclose and to prevent any other person
> from disclosing confidential communications made for the purpose of
> facilitating the rendition of professional legal services to the client:
>
> > 1. Between the client or a representative of the client and the client's
> > attorney or a representative of the attorney;
> >
> > 2. Between the attorney and a representative of the attorney;
> >
> > 3. By the client or a representative of the client or the client's attorney or
> > a representative of the attorney to an attorney or a representative of an
> > attorney representing another party in a pending action and concerning a
> > matter of common interest therein;
> >
> > 4. Between representatives of the client or between the client and a
> > representative of the client; or
> >
> > 5. Among attorneys and their representatives representing the same client.

Okla. Stat. tit. 12, § 2502(B).   "A communication is 'confidential' if not intended to be

disclosed to third persons other than those to whom disclosure is made in furtherance of

the rendition of professional legal services to the client or those reasonably necessary for

the transmission of the communication."   *Id.* § 2502(A)(5).

Claims of work-product protection are governed by Federal Rule of Civil Procedure

26(b)(3).   *Frontier Refin.*, 136 F.3d at 702 n.10.   The Rule prescribes:

**(3)** *Trial Preparation: Materials.*

> **(A)** *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).   But, subject to Rule 26(b)(4), those materials may be discovered if:
>
>> (i) they are otherwise discoverable under Rule 26(b)(1); and
>>
>> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
> **(B)** *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3).

## III.    Discussion

Defendant argues that Plaintiff's requests for the WCS "Claim File" are protected against disclosure due to attorney-client privilege after October 19, 2022—that date being the point that the initial WCS adjuster "determined that there was a suspicion of fraud and therefore, a denial of [Plaintiff's] claim" against Walmart.   Def.'s Resp. at 11 ("[C]ommunications between Walmart's counsel and corporate employees who are authorized to obtain and/or act on the advice of opinion of Walmart's counsel are considered confidential and subject to privilege.").

Defendant also argues that the entire Claim File—but particularly the contents generated on or after November 15, 2022, when Plaintiff's counsel "became involved in the discussion" with the WCS adjusters—was being prepared in anticipation of litigation and so is also subject to work-product protection.   *See id.* at 3, 10, 12-13 ("The alleged

4

claim of fraud by a WCS adjuster after Plaintiff's counsel first contacted WCS is not grounds to lift the attorney-client or work product privileges. In fact, it demonstrates decisively that ligation was anticipated because of the determination by the adjuster of a suspicion of fraud.").

The Court has reviewed the Claim File to determine whether its contents are protected from disclosure and concludes as follows.

Although the documents WML00111-WML00112 appear on the privilege log provided to the Court, Defendant's correspondence states that "WML00111 – WML00112 were not included in the Privilege Log and have been previously produced to Plaintiff." Based upon this representation, it appears that the dispute as to these two pages is moot.

The remaining documents consist of Claim File entries dated October 20, 2022, and afterward. It is not apparent as to many of these entries that they are "confidential communications made for the purpose of facilitating the rendition of professional legal services to" Defendant. Okla. Stat. tit. 12, § 2502(B). While Defendant's Response argues that "communications between Walmart's counsel and corporate employees" are privileged, other than the privilege log's explanation that certain notes were "made for counsel" there is scant evidence that the Claim File was not subject to disclosure to third persons or was made for the purpose of facilitating legal representation. Def.'s Resp. at 11; *see* Okla. Stat. tit. 12, § 2502(A)(5).[1]

The Court concurs with Defendant, however, that these documents, which are the

---

[1] Plaintiff has not challenged the sufficiency of Defendant's privilege log. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii).

portion of the Claim File created by WCS adjusters after the initial fraud suspicion arose on October 19, 2022, were "prepared in anticipation of litigation by or for" Defendant. Fed. R. Civ. P. 26(b)(3)(A).   Defendant has sufficiently shown that on this date, "the focus shifted from routine claims investigation to anticipation of litigation."   *Weikel v. Wal-Mart Stores, Inc.*, 197 F.R.D. 493, 496 (N.D. Okla. 2000).   Stated differently, the documents were "prepared because of the prospect of litigation when the preparer face[d] an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation."   *Id.* (internal quotation marks omitted).

Plaintiff has not argued or shown "substantial need" for the materials.   Fed. R. Civ. P. 26(b)(3)(A)(ii). [2]   Accordingly, the Court sustains Defendant's objection that the relevant portions of the Claim File are subject to protection and not discoverable in this matter.   *See id.*; *Weikel*, 197 F.R.D. at 495.

## CONCLUSION

To the extent outlined herein, the Court SUSTAINS Defendant's objection on the basis of work-product protection to Plaintiff's Request for Production Nos. 18, 23, and 24.

IT IS SO ORDERED this 2nd day of April, 2025.

_____
CHARLES B. GOODWIN
United States District Judge

---

[2] The Court previously found that "if the cited parking-lot video footage was not retained, Defendant . . . will be precluded from" asserting fraud as a defense or an affirmative defense.   Order of Jan. 31, 2025, at 2.